# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RICHOL GRINER** | * | |
| Petitioner | * | |
| v. | * | Criminal Case: **PJM-07-0160** |
| **UNITED STATES OF AMERICA** | * | Civil Case: **PJM-13-1261** |
| Respondent | * | |
| | * | |

## MEMORANDUM OPINION

Richol Griner, proceeding *pro* se, has filed a Motion to Correct, Vacate, or Set Aside a Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") [Paper No. 269] and a Motion for Bail [Paper No. 270]. Having considered Griner's Motions and the Government's Response thereto, the Court **DENIES** the Motions.

## I.

On April 25, 2007, the Grand Jury returned a Superseding Indictment charging Griner and two co-conspirators, Giovanni Bell and Jude Eligwe, with: (1) conspiracy to commit bank robbery; (2) bank robbery; and (3) using, carrying and brandishing a firearm during and in relation to a crime of violence. On June 16, 2008, a jury convicted Griner and Bell on all counts and Eligwe of conspiracy. The evidence showed that Griner, Bell, Eligwe and two others (Timothy Slobig and Kevin James) conspired to rob Commerce Bank in Rockville, Maryland on February 19, 2007. Slobig pleaded guilty to all counts and testified at the trial of the others, providing details about the preparation and execution of the robbery. James was not charged, nor did he testify at trial.

Griner was sentenced to 360 months imprisonment and remains detained at the United States Penitentiary, Big Sandy, in Inez, Kentucky.

On September 5, 2008, he appealed this Court's final judgment. On October 26, 2009, he filed a Motion for New Trial in this Court. The Court denied Griner's Motion and Griner took an appeal from that denial. On December 1, 2011, the Fourth Circuit affirmed both Griner's direct appeal of this Court's final judgment and this Court's denial of his Motion for a New Trial. The Fourth Circuit denied Griner's petition for a rehearing and a rehearing en banc. On March 20, 2012, Griner filed a writ of certiorari to the Supreme Court of the United States, which was denied on April 23, 2012.

On April 22, 2013, Griner certified that his present § 2255 motion was mailed via United States Postal Mail. On April 29, 2013, his motion was filed with the Court.

## II.

Griner seeks appointment of counsel for his habeas petition, which the Government opposes.

There is no Sixth Amendment right to counsel to pursue a petition for collateral relief. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A district court may provide counsel for an indigent inmate pursuing a petition for habeas corpus if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A (a)(2)(B). The court's decision concerning the appointment of counsel will only be considered an abuse of discretion where the petitioner presents "exceptional circumstances." *Garrett v. Elko*, 120 F.3d 261 (4th Cir. 1997).

Counsel represented Griner during trial and his direct appeal to the Fourth Circuit, raising the same claims Griner seeks to raise now. The Court finds no "exceptional circumstances" presented by the facts or legal issues in this case, nor does the Court find Griner unable to

represent himself. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984) (quoting *Cooks v. Bounds*, 518 F.2d 779 (4th Cir. 1975)). The Court therefore declines to appoint counsel for Griner.

**III.**

In his § 2255 Motion, Griner argues that (1) the Government engaged in prosecutorial misconduct, (2) the Government relied upon false testimony, and (3) this Court erred when it refused to sever Griner's case from that of his co-defendants.[1]

Griner argues first that the Government engaged in prosecutorial misconduct when it withheld information and evidence related to Kevin James. Griner claims that in fact James planned the bank robbery and was the primary perpetrator of the assault on the female bank employee during the robbery. Second, Griner argues that the Government relied on the false testimony of Timothy Slobig, who testified that Griner was responsible for the carjacking of Katherine Parmalee. Finally, Griner argues that this Court erred when it refused to sever his case from that of his co-defendants. He claims that by being denied severance from his co-defendants, he was placed in a position where he was obliged to "defend himself while seemingly defend[ing] the crime." Griner claims that this was particularly difficult because "he [knew] very little" about the crime and the allegations.

In response, the Government argues that Griner's Motion is procedurally barred because he raised the same grounds on direct appeal before the Fourth Circuit where he lost, and also because his Motion, at least arguably, is time-barred.

For the reasons set forth below, Griner's Motion to Vacate will be **DENIED**.

---

[1] Griner also filed a Motion for Bail. Since, as this Opinion holds, Griner's Motion to Vacate is without merit, his Motion for Bail is also **DENIED.**

3

# IV.

The Court first considers whether Griner's Motion is time-barred. A motion by a federal prisoner for post-conviction relief under 28 U.S.C. § 2255 is subject to a one-year statute of limitations that "generally runs from the date on which the judgment of conviction becomes final." *Clay v. United States*, 537 U.S. 522, 524 (2003). When a prisoner files a petition for certiorari seeking review of the court of appeals' judgment affirming his conviction, the judgment of conviction becomes final when the Supreme Court denies the petition for certiorari. *United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001). Complaints filed by *pro se* plaintiffs are to be "liberally construed . . . [and] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citations omitted).

Here, Griner's writ of certiorari to the Supreme Court was denied on April 23, 2012. The Government argues that although Griner has certified that he mailed his § 2255 motion on April 22, 2013, one day before the expiration of the statute of limitations, he did not strictly comply with the "prison mailbox rule," *Houston v. Lack*, 487 U.S. 266 (1998), pursuant to Rule 3(d) of the Federal Rules Governing 28 U.S.C. §§ 2254 and 2255 cases. The Government argues that Griner's statements of certification accompanying his § 2255 motion did not strictly comply with Rule 3(d) of the Federal Rules Governing 28 U.S.C. §§ 2254 and 2255 cases by not using the exact certifying language of 28 U.S.C. § 1746. The Court rejects the Government's argument.

First, the statute only requires that the certifying language "substantially" conform to § 1746. *See* 28 U.S.C. § 1746. Second, Griner's case manager at Big Sandy penitentiary attached a letter to Griner's Motion explaining that the mail went out a day late because there had been a lock-down on April 22, 2013, the day Griner intended to send the letter. Lastly, *pro se* petitioners are held to less stringent standards. *Erickson,* 551 U.S. at 94. Here, Griner had two

statements of certification, one attached to his handwritten § 2255 Motion and the other attached to a § 2255 form. Because the certifying language of the statement in Griner's § 2255 form substantially conformed to § 1746 requirements, the Court finds that his § 2255 Motion is not time-barred.

V.

The Court next considers whether Griner's claims are procedurally barred.

A.

"It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." *United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (quoting *United States v. Sanin*, 252 F.3d 79, 83 (2nd Cir. 2001)); *Boeckhenaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). An exception may be made if the defendant alleges new evidence or relies on a new rule of criminal procedure. *See Teague v. Lane*, 489 U.S. 288, 307 (1989); *United States v. Roane,* 378 F.3d 382, 396 n.7 (4th Cir. 2004).

B.

Griner argues prosecutorial misconduct arising from the Government's withholding of information and evidence related to Kevin James. In his direct appeal, Griner's counsel raised a Brady violation claim based on the same conduct: that the Government withheld information and evidence related to Kevin James.

The Government says now that Griner's re-packaged claim of prosecutorial misconduct claim is the *same* as his Brady violation claim. To be sure, if Griner's claims for Brady violations and prosecutorial misconduct are considered the same claim, then the prosecutorial misconduct claim would be procedurally barred if the Fourth Circuit has already considered and denied the Brady violation claim. *See Linder*, 552 F.3d 397. A Brady violation claim can be

considered a type of prosecutorial misconduct claim. *See Banke v. Dretke*, 540 U.S. 668, 691 (2004) (referring to a "Brady prosecutorial misconduct claim"); *United States v. Coker*, 514 F.3d 562, 570 n.2 (6th Cir. 2008) ("a Brady violation can be prosecutorial misconduct"). However, there still remains a degree of ambiguity as to whether Griner is raising the same claim that he raised on direct appeal.

Under the presumption afforded to habeas petitioners, "[s]hould doubts arise . . . as to whether two grounds are different or the same, they should be resolved in favor of the applicant." *Sanders v. United States,* 373 U.S. 1, 16 (1963). However, even if the Court were to resolve the present ambiguity in Griner's favor and find that the claims pertaining to Kevin James are different and not time-barred, the result would, nevertheless, be the same – the claim is procedurally barred.

That is because the prosecutorial misconduct claim was *not* raised on direct appeal, when it could and should have been. A claim not raised on direct appeal cannot be raised on collateral review unless defendant can demonstrate (1) cause for his failure to raise his claim earlier and (2) actual prejudice resulting from the alleged error of which he complains. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 168-70 (1982). The "cause and prejudice" standard requires that a defendant establish not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170. Griner, without a doubt, has failed to establish cause or prejudice for his failure to raise his claim on direct appeal. *Coleman*, 501 U.S. at 753; *Frady*, 456 U.S. at 170. Accordingly, his prosecutorial misconduct claim is procedurally barred,

because there was no discernible factor external to the defense that impeded his effort to raise the issue on direct appeal, and because it cannot be said that the failure to raise the issue worked to his actual and substantial disadvantage, infecting his entire trial with error. Any argument as to the alleged withheld testimony of Kevin James has been considered and rejected.

**C.**

Griner's second claim is that the Government relied on the false testimony of Timothy Slobig. This false testimony claim is identical to the false testimony claim Griner raised on direct appeal. *See* Consolidated Opening Brief for Appellants at 71, *Eligwe*, 456 Fed. App'x 196 (No. 08-4986). Again, the Fourth Circuit rejected the argument. Griner adduces no new evidence at this time to support his false testimony claim, nor does he base it on new procedural grounds. He is precluded from relitigating the claim in the instant Motion.

**D.**

Griner's final claim is that the trial court erred when it refused to sever his case from that of his co-defendants. He argues that by being denied severance, he had to defend himself while seemingly defending the crime. As with his other claims, however, the Motion to Sever was already raised and considered on direct appeal. *See* Consolidated Opening Brief for Appellants at 74, *Eligwe*, 456 Fed. App'x 196 (No. 08-4986). The Fourth Circuit rejected this argument. Accordingly, the Court finds that the request for severance is also procedurally barred.[2]

**VI.**

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a [C]ertificate of [A]ppealability when it enters a final order adverse to the applicant." A Certificate of Appealability will not issue absent a "substantial showing of the

---

[2] The Government makes additional arguments about the merits of the grounds Griner raises, but given that the issues are procedurally barred, there is no need for the Court to address them.

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has considered the record in this case and finds that Griner has not made the requisite showing. Accordingly, the Court denies a Certificate of Appealability.

## VII.

For the foregoing reasons, Griner's Motion to Correct, Vacate, or Set Aside a Sentence Pursuant to 28 U.S.C. § 2255 [Paper No. 269] and his Motion for Bail [Paper No. 270] are **DENIED**.

A separate Order will **ISSUE**.

                                                         **/s/**
                                    **PETER J. MESSITTE**
                         **UNITED STATES DISTRICT JUDGE**

**November 15, 2013**