IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Crim. No. 07-160 PJM |
| RICHOL GRINER, | * |
| | * |
| Defendant. | * |

**MEMORANDUM OPINION**

In 2008, Richol Griner was convicted of three charges related to armed bank robbery and sentenced to 384 months imprisonment.[1] To date, he has served approximately half of his sentence and is projected to be released on October 1, 2036. He has a pro se motion for a Sentence Reduction (ECF No. 416) to reduce his sentence to 294 months pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that his original 32-year term calculated using now-obsolete career offender enhancements constitutes "extraordinary and compelling" circumstances that warrant a reduction.[2] The Government opposes the Motion (ECF No. 435). For the following reasons, Griner's Motion for a Reduced Sentence (ECF Nos. 416) is **GRANTED**.

**I.    BACKGROUND**

In February 2007, Griner was charged with conspiracy to commit bank robbery (Count One), armed bank robbery (Count Two), and brandishing a firearm in connection with a "crime of violence," in violation of 18 U.S.C. § 924(c) (Count Three). After pleading not guilty, Griner was convicted by a jury on all three counts. At sentencing, Griner was designated a career

---

[1] Specifically, Griner received 60 months incarceration on Count One, a concurrent 300 months on Count Two, and a consecutive 84-month term on Count Three.

[2] The Federal Public Defender, upon consideration of Griner's motion, elected to represent Griner and filed a Supplemental Motion for a Reduced Sentence on his behalf. (ECF No. 427). The Public Defender apparently remains counsel of record in this case. Although parties represented by counsel are typically not allowed to file their own pleadings, the Court will make an exception in this case.

offender under U.S.S.G. § 4B1.1 based on two prior convictions for "crimes of violence," i.e. first-degree assault and attempted escape. This career offender enhancement factored into the Court's eventual decision to sentence him to 384 months.

The law has changed since 2007. When determining whether an offense qualifies as a predicate crime, courts may now only consider the statutory elements of the offense rather than particular facts of a case. *See United States v. Descamps*, 570 U.S. 254, 260-61 (2013); *United States v. Green*, 996 F.3d 176, 179-80 (4th Cir. 2021). Accordingly, offenses that can be committed without being a "crime of violence," as defined in § 4B1.2(a), may not serve as predicates for a career offender enhancement. *See Green*, 996 F.3d at 180.

On February 7, 2022, Griner filed a *pro se* "Motion for Sentence Reduction" (ECF No. 416). The Federal Public Defender's Office then elected to represent Griner and filed a Supplemental Motion for a Reduced Sentence on his behalf on September 16, 2022 (ECF No. 427). Through his own motion and that of counsel, Griner argues that his prior conviction of attempted escape offense no longer qualifies as a predicate "crime of violence" under § 4B1.2(a), a conclusion the Government does not dispute (ECF No. 435 5-6). Consequently, Griner argues that the ninety month disparity between his current sentence (384 months) and the one he would receive today without the career offender designation (a range of 294 to 346 months[3]) constitutes an "extraordinary and compelling" circumstance justifying sentencing reduction. Accordingly, he requests the Court resentence him to 294 months imprisonment (the lowest range he could receive today). The Government opposes this request, arguing that the disparity between Griner's original sentence and the sentence he would face today is not sufficiently excessive to constitute "extraordinary and compelling" circumstances pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No.

---

[3] If sentenced today, Griner would receive a range of 210-262 months Counts One and Two, with a consecutive 84-month term for Count Three.

2

435). The Court disagrees. For the following reasons, Griner's Motion (ECF Nos. 416) is **GRANTED**.

## II. LEGAL STANDARD

Under the expanded scope of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), two conditions must be met for post-conviction relief to be granted: (1) the movant must present extraordinary and compelling circumstances; and (2) relief must be consistent with the sentencing factors articulated in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

## III. DISCUSSION

### 1. "Extraordinary and Compelling" Circumstances

The Fourth Circuit has held that an "enormous disparity" between a defendant's original sentence and the one he would receive today "can constitute an 'extraordinary and compelling' reason for relief." *United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020). But there is no universal rule for determining what constitutes a "gross disparity." *Id.* As the Court explained in *United States v. Decator*, "[i]t is not unreasonable for Congress to conclude that not all defendants convicted under § 924(c) should receive new sentences, even while expanding the power of the courts to relieve some defendants of those sentences on a case-by-case basis." 452 F. Supp. 3d 320, 325 (D. Md. 2020) (quoting *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *7 (D. Utah Feb. 18, 2020) (emphasis in original)).

The Court finds the impact of Griner's original career offender status as opposed to his status in its absence—a difference of ninety months—constitutes an "extraordinary and compelling" circumstance. District courts in this circuit have universally affirmed that if a defendant, "sentenced today for the same conduct, would likely receive a dramatically lower sentence than the one he is currently serving, [this] constitutes an 'extraordinary and compelling'

3

reason justifying potential sentence reduction under § 3582(c)(1)(A)(i)." *United States v. Elzey*, No. CR JKB-09-0288, 2022 WL 316717, at *2 (D. Md. Feb. 2, 2022); *see United States v. Shaw*, No. 5:13-CR-00025, 2021 WL 300726, at *5 (W.D. Va. July 15, 2021) (difference of twenty-two months); *United States v. Ford*, No. CR RDB-09-0219, 2022 WL 4278006, at *4 (D. Md. Sept. 15, 2022) (difference of forty-five months); *United States v. Glover*, No. 8:07-CR-00960-JMC-15, 2022 WL 3025753, at *5 (D.S.C. Aug. 1, 2022) (difference of seventy-four months); *United States v. Banks*, No. 3:13-CR-00003, 2022 WL 12039432, at *2 (W.D. Va. Oct. 20, 2022) (difference of eighty-eight months). Based on the cases granting sentencing reductions for disparities as few as twenty-two months, the Court concludes that a reduction of ninety months in Griner's case is certainly an "extraordinary and compelling" reason justifying sentence reduction under § 3582(c)(1)(A).

### 2. 18 U.S.C. § 3553(a) Factors

The Court also considers whether, and to what extent, relief is warranted pursuant to the sentencing factors set forth in § 3553(a). Those include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for just punishment, adequate deterrence, protection of the public, and rehabilitation; and the need to avoid unwarranted sentencing disparities. Griner appears to have a commendable record of rehabilitative achievement while incarcerated. He has participated in dozens of rehabilitative programs and earned his GED. (ECF No. 427-2). At the same time, he has been cited for a limited number of disciplinary infractions, the last of which was in 2019. (ECF No. 427-3). Griner's family and friends vouch for his growth and maturity. (ECF No. 427). In addition to this positive network of community support, Griner also apparently has a job lined up upon release (ECF No. 427-7). In sum, Griner's

4

rehabilitation over the past fifteen years, his essentially positive disciplinary record, and his apparent minimal risk of recidivism further justify a sentence reduced to 294 months.

## IV. CONCLUSION

Griner's "Motion for Sentence Reduction" (ECF No. 416) is therefore **GRANTED**. The Court imposes a reduced sentence of 294 months of incarceration. All other terms and conditions of Griner's sentence and supervised release remain in full force and effect.

A separate Order will **ISSUE**.

February 14, 2023

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE